UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOLIE DESIGN & DÉCOR, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-740** |
| **KATHY VAN GOGH** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jolie Design & Décor, Inc.'s Motion to Reconsider or Certify for Immediate Appeal (Doc. #50) is **GRANTED** as to certification for immediate appeal.[1]

### BACKGROUND

This matter is before the court on plaintiff's motion to certify for immediate appeal (Doc. #50) Judge Berrigan's denial of plaintiff's motion to reopen these proceedings (Doc. #49).[2]

Annie Sloan Interiors, Ltd. is a British corporation that owns Annie Sloan brand products, including ANNIE SLOAN CHALK PAINT. Chalk paint is a decorative paint used to give furniture an "antiqued" look by achieving a "chalky" matte finish. Plaintiff, Jolie Design & Décor, Inc., a company based in Kenner, Louisiana, is the exclusive distributor and licensee of CHALK PAINT in the United States and other countries. Defendant, Kathy van Gogh, who resides in Vancouver, Canada, entered into a contract with Jolie Design to sell Annie Sloan brand products, including CHALK PAINT. This dispute arose when van Gogh's relationship with Jolie Design ended and van Gogh started selling products called "Kathy van Gogh Calk Paint Collection." Jolie Design claims that this action violated the parties' agreement with respect to intellectual property.

---

[1] Jolie Design's motion to reconsider is not discussed herein because the court finds that certifying this matter for immediate appeal is appropriate.

[2] This matter was originally allotted to Judge Helen G. Berrigan. On January 12, 2016, the case was temporarily reallotted to Judge Mary Ann Vial Lemmon by order of Chief Judge Kurt D. Engelhardt due to Judge Berrigan's leave of absence. (Doc. #52).

June 17, 2011, van Gogh and Jolie Design entered into the initial Retail Distribution Agreement. The agreement was amended on October 5, 2011. The amended contract, which represents the entire agreement between the parties, granted van Gogh "a nonexclusive, nontransferable license" to use "Intellectual Property." "Intellectual Property" was defined as "the trademarks, trade names, logos, and other designations used by Annie Sloan, Jolie Design, & Davis Paint for the Products" that van Gogh would sell. Section 6(a) of the amended agreement included the following limitations on van Gogh's use of the Intellectual Property:

> You agree to comply with all guidelines that Jolie Design may set related to your use of the Intellectual Property. Jolie Design has the right to review and approve, at its discretion, any use of the Intellectual Property and any presentation of the Products. Julie Design has the right to prohibit the use of the Intellectual Property in any manner. You agree to report to Jolie Design immediately, in writing, any acts of infringement of the Intellectual Property of which you learn. You agree to discontinue the use of the Intellectual Property immediately upon termination of this Agreement, upon breach of any term of this Agreement or upon initiation of litigation related to this Agreement. Except for the rights and licenses granted to you herein, Jolie Design and/or its licensors shall retain all right, title and interest in the Products including all rights under or to the Intellectual Property.
>
> i. URLs and Social Media Pages: Your/your company's website or related social media sites shall not include the terms "Annie Sloan," "Chalk Paint," and/or "Jolie Design" in the web address or user identification field.
>
> ii. Hyperlinks: The use of Intellectual Property to hyperlink to you/your company's website is strictly prohibited. Any logo, image, or other mark that serves as a hyperlink to your/your company's website should reflect you and/or your company and shall not incorporate any Intellectual Property.

>iii. Search Engine Optimization ("SEO"): You are prohibited from using the terms "Annie Sloan," "Chalk Paint," and/or "Jolie Design" for SEO purposes on you/your company's website or social media pages.

The contract included a dispute resolution clause which provided that any dispute arising out of the agreement would be submitted to arbitration in New Orleans, Louisiana, and that Louisiana law would apply. It also provided that the prevailing party in any dispute arising out of the agreement is entitled to recover its costs and expenses, including reasonable attorneys' fees.

In April 2012, Jolie Design sought to amend the agreement again. Van Gogh, who did not agree to the terms of the second amended agreement, provided written notice to Jolie Design on April 18, 2012, that she was terminating the agreement. That same day, van Gogh applied to register two trademarks using the term "CHALK PAINT." On April 21, 2012, van Gogh registered a domain name using the term "CHALK PAINT."

Thereafter, van Gogh challenged the validity of the CHALK PAINT trademark in various proceedings and filed an opposition seeking to preclude the registration of the CHALK PAINT logo before the Trademark Trial Appeals Board. Van Gogh also applied to register "Kathy van Gogh CHALK PAINT Collection" before the United States Patent and Trademark Office. When Annie Sloan Interiors opposed the application, van Gogh argued that CHALK PAINT is an invalid trademark.

On July 9, 2013, Jolie Design filed an arbitration demand against van Gogh. On September 30, 2013, Anthony M. DiLeo was appointed as the sole Arbitrator. In the arbitration, Jolie Design sought to enjoin van Gogh from: challenging the validity of the CHALK PAINT trademark; using the term CHALK PAINT to identify her products; and, advertising, producing, offering or distributing any goods or services using the term CHALK PAINT. Jolie Design also sought an order

requiring van Gogh to: withdraw her application pending before the United States Patent and Trademark Office and the Canadian Intellectual Property Office for trademarks that use the term CHALK PAINT; immediately and permanently dismiss a Cancellation action pending before the Trademark Trial Appeals Board in which she seeks to challenge the CHALK PAINT trademark; transfer to Jolie Design the domain name van Gogh took out that included the words CHALK PAINT; and the stop selling "van Gogh CHALK PAINT." Van Gogh countered that the CHALK PAINT trademark is invalid, and that this is a matter for the United States Patent and Trademark Office.

On December 17, 2013, Jolie Design filed a Motion for Dispositive Ruling asking the Arbitrator to "dispose of the trademark validity issues – which are both meritless and irrelevant to the breach of contract claims at issue." Jolie Design characterized the question presented in the arbitration as "[w]heter Ms. van Gogh's continued use of the CHALK PAINT trademark following her termination . . . constitute[d] a breach of Ms. van Gogh's obligation per Section 6(a) of the contract." Van Gogh responded that the issue is "whether or not a trademark has been infringed."

In his July 9, 2014, Order Regarding Scope of Case and Interim Award, the Arbitrator found that it was not appropriate to address the validity of the trademark or trade name in that forum. Annie Sloan was not a party to the proceedings and the only claim at issue was a breach of contract claim because van Gogh did not file a counterclaim for a declaratory judgment regarding the invalidity of the trademark. The Arbitrator noted that proceedings before the Trademark Trial Appeals Board will determine the ultimate ownership of the trademark and tradename, whereas the proceeding before him involved only a claim for breach of contract. The Arbitrator found that the specific language of the contract contemplates restrictions on the use of the words "chalk paint" by

4

van Gogh, and that she breached the contract by attempting to register the name "KATHY VAN GOGH CHALK PAINT COLLECTION." The record remained open until August 8, 2014, for the parties to submit further materials regarding attorneys' fees or costs, specific performance and compensatory damages.

On January 19, 2015, the Arbitrator issued his Order and Final Award Regarding Costs, Expenses and Attorneys' Fees. The Arbitrator denied van Gogh's motion for reconsideration of the interim award, stating again that the only claim before him was Jolie Design's breach of contract claim against van Gogh. The Arbitrator incorporated and reaffirmed the July 9, 2014, Order Regarding Scope of Case and Interim Award. He enjoined van Gogh from using the term "chalk paint" as a product identifier and from advertising, producing, offering, or distributing any goods or services using the words "chalk paint" as required by the contract. The Arbitrator also awarded to Jolie Design $1,194.40 for the court reporter and transcript, $45,000 for 242.2 hours in attorneys' fees, $5,250 for the International Centre for Dispute Resolution's administrative fees and expenses, $16,028.50 for the Arbitrator's compensation and expenses.

On March 6, 2015, Jolie Design filed this action in the United States District Court for the Eastern District of Louisiana seeking a confirmation of the arbitration award under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 2958) 21 U.S.T. 2517, T.I.A.A. 6997, 330 U.N.T.S. 3 (the "New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201, *et seq.* On April 20, 2015, van Gogh filed a Motion to Vacate the Arbitration Award (Doc. #9). She argues that the arbitration award is invalid because the October 5, 2011, agreement was not validly formed. Van Gogh contends that there was no meeting of the minds because she did not understand that the definition

of Intellectual Property included the term "chalk paint," which she contends is generic. Instead, she thought that she was forbidden from using ANNIE SLOAN CHALK PAINT after the termination of the agreement. Van Gogh also argues that even if the October 5, 2011, agreement was valid, the Arbitrator exceeded his authority by looking outside the October agreement to the June 2011 agreement, and by awarding unreasonable attorneys' fees.[3]

Jolie Design argues that the enforceability of the arbitration clause was a matter for the Arbitrator, not the court, to decide. It also argues that there was no vice of consent because van Gogh knew that Annie Sloan claimed that CHALK PAINT was her trademark, even if van Gogh thought that the trademark would be cancelled. Jolie Design also argues that a vice of consent calls into question the enforceability of a contract, not its existence, which is a matter for the Arbitrator. Further, Jolie Design argues that the Arbitrator did not exceed his authority by referencing the June 2011 agreement, and he did not award an unreasonable amount of attorneys' fees.

On May 11, 2015, Jolie Design filed a Motion to Confirm Arbitration Award (Doc. #19) in which it argues that none of the grounds for a court's refusing to recognize an arbitration award under the New York Convention are met. Jolie Design restates its position that van Gogh's argument regarding the meeting of the minds is a collateral attack on the Arbitrator's interpretation of the contract, which is not permitted, and that the Arbitrator did not decide matters outside of his authority and awarded reasonable costs and attorneys' fees.

In opposition to Jolie Design's motion to confirm, van Gogh argues that the court can decide *de novo* whether the October 5, 2011, agreement exists, and that the agreement was not validly

---

[3] Van Gogh also argued that Jolie Design failed to comply with a jurisdictional requirement by failing to provide the court with a proper copy of the October 5, 2011, agreement. On April 30, 2015, Jolie Design filed an Amended Complaint to cure any such defect.

formed. She also argues again that the Arbitrator exceeded his authority and awarded an unreasonable amount of attorneys' fees.

On May 28, 2015, van Gogh filed a Motion to Stay Confirmation of Arbitration Award (Doc. #26). She argued that the matter should be stayed until the Trademark Trial and Appeal Board disposed of the pending cancellation proceeding regarding the CHALK PAINT trademark because the validity of the trademark affects the outcome of the arbitration proceeding. Van Gogh contended that if CHALK PAINT is found to be generic, it could not have been part of the Intellectual Property referred to in the contract, and then there would be "no meeting of the minds and no agreement to arbitrate." Jolie Design opposed the stay arguing that it did not fit the sole reason for a stay of confirmation of an arbitration award authorized by the New York Convention. On July 30, 2015, Judge Berrigan issued an order staying this matter until Opposition No. 91208788 pending at the Trademark Trial and Appeal Board is resolved because it "may be relevant to the scope and validity of the arbitration awards and orders." (Doc. #38).

On October 1, 2015, Jolie Design filed a Motion to Reopen Proceedings (Doc. #43) stating that on August 12, 2015, the Trademark Trial and Appeal Board ruled against van Gogh in Opposition No. 91208788, refusing to register her proposed trademark. In opposition to Jolie Design's motion to lift the stay, van Gogh argues that, although her proceedings before the Trademark Trial and Appeal Board against Annie Sloan have concluded, there is an action by Websters Chalk Paint Powder, LLC to cancel Annie Sloan's CHALK PAINT trademark. Van Gogh contends that this action should remain stayed until that proceeding is concluded because it may result in the cancellation of the CHALK PAINT trademark, which could affect the validity of the arbitration award.

On December 30, 2015, Judge Berrigan denied Jolie Design's motion to reopen stating that "[i]t appears that an action remains pending at the Trademark Trial and Appeal Board that directly challenges the validity of the subject trademark, which is relevant to the arbitration awards and orders herein. This matter shall be stayed to be reopened upon any motion filed after the resolution of" that proceeding.

On January 11, 2016, Jolie Design filed a motion to certify for immediate appeal the denial of its motion to reopen. (Doc. #50). Jolie Design argues that there is no basis under the New York Convention or any jurisprudence to delay the confirmation of its arbitration award because the validity of the CHALK PAINT trademark is irrelevant to the arbitration award which was based on a breach of contract action. Van Gogh opposes the motion arguing that certifying the matter for interlocutory appeal is unwarranted because the court was correct to stay the matter pending the outcome of the proceedings regarding the validity of the CHALK PAINT trademark.

## ANALYSIS

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided however, that application for an appeal hereunder shall not stay proceedings in the district court unless this district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Pursuant to § 1292(b), the district court may "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

Neither the July 30, 2015, order staying the case nor the December 30, 2015, order denying Jolie Design's motion to reopen cites a provision of the New York Convention or jurisprudence supporting the order. In arguing for the stay and against reopening the proceedings, van Gogh relies on Hewlett-Packard Co., Inc. v. Berg, 61 F.3d 101 (1st Cir. 1995). Thus, Jolie Design argues that the court must have relied on Berg in issuing the stay and refusing to reopen the proceedings.

In Berg the court examined whether a case brought to confirm an arbitration award issued under the New York Convention could be stayed for prudential reasons. The court noted that "[o]rdinarily there could be no doubt that a court, although obliged to decide a claim, would retain discretion to defer proceedings for prudential reasons[,]" and that "a typical reason is pendency of a related proceeding in another tribunal." Id. at 105. However, the court recognized that the New York Convention could impact this power because the statute implementing the New York Convention states that, upon a petition for confirmation of an arbitration award, a district court "'shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'" Id. at 105-6 (quoting 9 U.S.C. § 207). Although Article VI of the New York Convention enumerates a single ground for a stay,[4] the court

---

[4] Article VI of the New York Convention States:

> If an application for the setting aside or suspension of the award has been made to a competent authority [in the country where the award has been made], the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award [and require a security].

9

held that actions to confirm such arbitration awards could be stayed for prudential reasons not explicitly stated in the New York Convention. Id. at 106.

Jolie Design contends that Berg's application is limited to its facts where two parties are forced into successive arbitration proceedings to resolve related matters, the prevailing party in the first matter tries to have its arbitration award confirmed while the second proceeding is still pending, the second proceeding might result in a monetary set-off against the party seeking confirmation for the first award, and that party is otherwise insolvent. Citing Wartsila Finland OY v. Duke Capital LLC, 518 F.3d 287, 294 (5th Cir. 2008), Jolie Design argues that the United States Court of Appeals for the Fifth Circuit has implied, but not explicitly ruled, that Berg should be limited to its facts. Thus, Jolie Design argues that this matter should be certified for immediate appeal so that the appellate court can answer the question: "Does the Fifth Circuit recognize the authority of a district court announced in Hewlett-Packard Co., Inc. v. Berg to adjourn confirmation proceedings of an arbitration award for prudential reasons not specifically enumerated in the New York Convention?"

Van Gogh argues that there is no controlling issue of law because Jolie Design is appealing a temporary stay. She also argues that there is no substantial ground for difference of opinion because Jolie Design does not cite any authority disagreeing with the notion that Berg is not limited to its facts.

This question of law stated by Jolie Design is a controlling question of law for which there is substantial ground for difference of opinion, and its resolution will materially advance the ultimate termination of the litigation. The question posed is a narrow legal question regarding the proper applications of Berg, and there is a substantial ground for difference of opinion because the United States Court of Appeal for the Fifth Circuit has not spoken on this issue. Further, resolution of this

question will materially advance this litigation because, if <u>Berg</u> is limited to its facts, the stay must be lifted.  Therefore, Jolie Design's motion to certify for immediate appeal is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Jolie Design & Décor, Inc.'s Motion to Reconsider or Certify for Immediate Appeal (Doc. #50) is **GRANTED** as to certification for immediate appeal.

New Orleans, Louisiana, this  30th   day of March, 2016.

  _____
  MARY ANN VIAL LEMMON
  UNITED STATES DISTRICT JUDGE